# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF ALABAMA – SOUTHERN DIVISION

| | |
|---|---|
| In re: | CASE NO. 15-02075 |
| BIRMINGHAM COAL & COKE COMPANY, INC., | CHAPTER 11 |
| Debtor. | JUDGE THOMAS B. BENNETT |

| | |
|---|---|
| In re: | CASE NO. 15-02077 |
| CAHABA CONTRACTING AND RECLAMATION, LLC, | CHAPTER 11 |
| Debtor. | |

| | |
|---|---|
| In re: | CASE NO. 15-02078 |
| RAC MINING, LLC, | CHAPTER 11 |
| Debtor. | |

**MOTION FOR THE ENTRY INTERIM AND FINAL ORDERS (I) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICES, (II) DEEMING UTILITY COMPANIES ADEQUATELY ASSURED OF FUTURE PERFORMANCE, AND (III) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT**

COMES now, through undersigned counsel, the above-captioned Debtors and Debtors-in-possession, Birmingham Coal & Coke Co., Inc., Cahaba Conservation and Reclamation, and RAC Mining, LLC (collectively the "Debtors"), who moves for the entry of interim and final orders (a) prohibiting utility companies from altering, refusing or discontinuing utility services, (b) determining that the Utility Companies (defined below) are adequately assured of payment for future utility services, pending entry of the final order; (c) establishing certain procedures for

{N3034903.1}

determining requests for additional assurance; (d) granting related relief; and (e) scheduling a formal hearing on this motion (this "Motion"). In support, the Debtors represent as follows:

## Jurisdiction and Venue

The Court has jurisdiction over this Motion under 28 U.S.C. § 1334. This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

On May 27, 2015, (the "Petition Date"), the Debtors filed for relief under chapter 11 of the Bankruptcy Code in this honorable court. The Debtors are operating their business as debtors-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108. No trustee or examiner has been appointed, and no official committee of creditors or equity interest holders has been established in this chapter 11 cases (this "Bankruptcy Cases").

## Relief Requested

Pursuant to section 366(a) of the Bankruptcy Code, the Debtors seek the entry of an interim order (the "Interim Order") and a final order (the "Final Order"): (a) prohibiting the Utility Companies from altering, refusing or discontinuing services to, or discriminating against, the Debtors on account of pre-petition amounts due, pending entry of the Final Order; (b). determining that the Utility Companies have received adequate assurance of payment for future utility services, pending entry of the Final Order; (c) establishing certain procedures for determining requests for additional assurance; (d) granting related relief; and (e) scheduling a final hearing on the Motion (the "Final Hearing").

Uninterrupted utility service is vital to the continued operation of the Debtors' business and, consequently, to the success of the Bankruptcy Cases. Termination of Utility Services

provided to the Debtors (even temporarily) could result in the disruption of the Debtors' businesses, and adversely affect the ability of the Debtors to preserve and maximize the value of its estate. Thus, the relief requested herein is necessary and in the best interests of the Debtors' estate and their creditors.

Attached hereto as **Exhibit A** is a list of utility companies (the "Utility Companies") providing electricity, water, telephone, and/or other similar services (collectively, the "Utility Services") to the Debtors as of the Petition Date. The relief requested herein, however, is requested with respect to all Utility Companies and is not limited to those listed on **Exhibit A**. Moreover, some of the entities listed on **Exhibit A** may provide services to the Debtors in a capacity other than as a utility. Non-utilities are not entitled to adequate assurance of payment under Bankruptcy Code § 366. The Debtors reserve all rights, claims and defenses with respect to whether the entities listed on Exhibit A are "utilities" within the meaning of § 366.

The Debtors have a good payment history with the Utility Companies. To the best of the Debtors' knowledge, there are few or no material defaults or arrearages with respect to their undisputed Utility Companies invoices, other than the payment interruptions that may be caused by the commencement of this chapter 11 case.

The Debtors reserve all rights, claims and defenses under § 365 of the Bankruptcy Code; without limitation, nothing in this Motion shall be deemed a request for approval to assume, or an expression of intent to assume, any lease or contract with the Utility Companies.

The Debtors intend to pay their post-petition obligations to the Utility Companies timely. The Debtors will make these payments from their cash reserves as of the Petition Date and cash generated through their continued operations.

On information and belief, each of the relevant Utility Companies currently holds security deposits submitted on behalf of the Debtors.

## Basis for Relief Requested

If the Utility Companies are permitted to terminate Utility Services, the Debtors could be forced to cease operations of their business, including their coal mines. Thus, termination of utility services will result in substantial (and potentially irreparable) disruption to the Debtors' business, as well as loss of revenue and profits. Any interruption of Utility Services would substantially diminish or impair the Debtors' efforts to preserve and maximize the value of their estates. It is therefore critical that Utility Services continue uninterrupted.

Bankruptcy Code § 366 provides that, in a chapter 11 case, during the initial thirty (30) days after the commencement of a bankruptcy case, utilities may not alter, refuse or discontinue service to, or discriminate against, a debtor solely on the basis of the commencement of its case or the existence of pre-petition debts owed by the debtor. In a chapter 11 case, following the thirty-day period under Bankruptcy Code § 366(c), utilities may discontinue service to the debtor if the debtor does not provide adequate assurance of future performance of its post-petition obligations in a form that is satisfactory to the utility, subject to the Court's ability to modify the amount of adequate assurance.

While the form of adequate assurance of payment may be limited to the types of security enumerated in Bankruptcy Code § 366(c)(1)(A), the determination of the amount of the adequate assurance is within the discretion of the Court. It is well established that the requirement that a utility receive adequate assurance of payment does not require a guarantee of payment. Instead, the protection granted to a utility is intended to avoid exposing the utility to an unreasonable risk of nonpayment.

Case 15-02075-TOM11   Doc 6   Filed 05/27/15   Entered 05/27/15 14:46:46   Desc Main
Document      Page 4 of 29

The policy underlying Bankruptcy Code § 366 is to protect debtors from utility service cutoffs upon the filing of a bankruptcy case, while at the same time providing utility companies with adequate "assurance of payment" for post-petition utility service. See H.R. Rep. No. 95-595, at 350 (1978), reprinted in 1978 U.S.C.A.N. 5963, 6306. Section 366(c)(1) of the Bankruptcy Code, as modified in October 2005, defines "assurance of payment" to mean several enumerated forms of security (e.g., cash deposits, letters of credit, prepayment for utility service) while excluding from the definition certain other forms of security (e.g., administrative expense priority for a utility's claim). In addition, Bankruptcy Code § 366(c)(3)(B) provides that a court may not consider certain facts (e.g., a debtor's pre-petition history of making timely payments to a utility) in making a determination of adequate assurance of payment.

While Bankruptcy Code § 366(c) clarifies what does and does not constitute "assurance of payment" and what can be considered in determining whether such assurance is adequate, Congress, in enacting that section, did not divest the Court of its power to determine what amount, if any, is necessary to provide adequate assurance of payment to a utility company. Indeed, Bankruptcy Code § 366(c) not only fails to establish a minimum amount of adequate "assurance of payment" but explicitly empowers the court to determine the appropriate level of adequate assurance required in each case. See 11 U.S.C. § 366(c)(3)(A) ("On request of a party in interest and after notice and a hearing, the Court may order modification of the amount of an assurance of payment ...").

Thus, there is nothing within Bankruptcy Code § 366 that prevents a court from ruling that, on the facts of the case before it, the amount required to adequately assure future payment to a utility company is nominal, or even zero. Prior to the enactment of Bankruptcy Code § 366(c), courts enjoyed precisely the same discretion to make such rulings pursuant to section

Case 15-02075-TOM11    Doc 6    Filed 05/27/15    Entered 05/27/15 14:46:46    Desc Main
Document      Page 5 of 29

366(b) of the Bankruptcy Code, and frequently did so. *See Va. Elec. & Power Co. v. Caldor, Inc. — N.Y.*, 117 F.3d 646, 650 (2d Cir. 1997) ("Even assuming that 'other security' should be interpreted narrowly, we agree with the appellees that a bankruptcy court's authority to 'modify' the level of the 'deposit or other security,' provided for under § 366(b), includes the power to require no 'deposit or other security' where none is necessary to provide a utility supplier with 'adequate assurance of payment.'").

Moreover, Congress has not changed the requirement that the assurance of payment only be "adequate." Courts construing Bankruptcy Code § 366(b) have long recognized that adequate assurance of payment does not constitute an absolute guarantee of the debtor's ability to pay. *See, e.g., In re Caldor, Inc. — N.Y.*, 199 B.R. 1, 3 (S.D.N.Y. 1996) ("Section 366(b) requires [a] [b]ankruptcy [c]ourt to determine whether the circumstances are sufficient to provide a utility with 'adequate assurance' of payment. The statute does not require an 'absolute guarantee of payment.'") (citation omitted), *affd sub nom., Va. Elec.*, 117 F.3d 646; *In re Adelphia Bus. Solutions, Inc.*, 280 BR. 63, 80 (Bankr. S.D.N.Y. 2002) (same); *In re Steinebach*, 2004 WL 51616, *5 (Bankr. D. Ariz. 1/2/04) ("Adequate assurance of payment is not, however, absolute assurance... All §366(b) requires is that a utility be protected from an unreasonable risk of non-payment"); *In re Penn Jersey Corp.*, 72 B.R. 981, 982 (Bankr. E.D. Pa. 1987) (stating that Bankruptcy Code § 366(b) "contemplates that a utility receive only such assurance of payment as is sufficient to protect its interests given the facts of the debtor's financial circumstances").

The Debtors submits that, given the foregoing, entry of the proposed orders is consistent with, and fully satisfies, the requirements of Bankruptcy Code § 366. Far from offering the Utility Companies nominal (or even no) additional assurance of payment, the Debtors propose to provide the Utility Companies with (a) the authority to retain any pre-petition deposits to secure

Case 15-02075-TOM11    Doc 6    Filed 05/27/15    Entered 05/27/15 14:46:46    Desc Main
Document      Page 6 of 29

payment of post-petition obligations and (b) procedures pursuant to which the Utility Companies can seek greater or different security. When completed by the Debtors' ability to pay through access to their cash collateral, such assurance of payment significantly alleviates — if not eliminates — any honest concern of nonpayment on the part of the Utility Companies, and is thus clearly "adequate."

Similar relief has been granted in this district and other districts decided under amended section 366 of the Bankruptcy Code. *See, e.g., In re Citation Coiporation,* Case No. 04-08130-TOM (Bankr. N.D. Ala. 2004); *In re Meadowcraft. Inc.,* Case No. 02-06910-TOM (Bankr. N.D. Ala. 2002); *Décor Gravure Corp., et al.,* Case No. 02-00895-TOM (Bankr. N.D. Ala. 2002); *Karsons Internat'l, Inc., et al.,* Case Nos. 02-09409 through 02-09411-BGC (Bankr. N.D. Ala. 2002).

The Debtors seek authorization for the applicable banks and financial institutions to process, honor and pay any and all checks on account of prepetition payments to Utility Companies and to rely on the representation of the Debtors as to which checks are issued and authorized to be paid in accordance with this Motion without any duty of further inquiry and without liability for following the Debtors' instructions

To provide adequate assurance of payment for future services to the Utility Companies, the Debtors propose that each Utility Company retain any deposit made pre-petition by the Debtors in connection with such Utility Service (the "Utility Deposit").

Any Utility Company that does not request a deposit or other form of adequate assurance of future performance on or before the thirtieth (30th) calendar day following the Petition Date (the "Request Deadline") shall be deemed to have adequate assurance that is satisfactory to it, within the meaning of section 366 of the Bankruptcy Code, and shall be from discontinuing,

Case 15-02075-TOM11    Doc 6    Filed 05/27/15    Entered 05/27/15 14:46:46    Desc Main
Document      Page 7 of 29

altering or refusing service on account of any unpaid prepetition charges, or requiring additional assurance of payment.

The Debtors submit that the retention by such Utility Companies of any pre-petition deposits to secure payment for post-petition services, in conjunction with the Debtors' demonstrated ability to pay for future utility services in the ordinary course of business (the "Proposed Adequate Assurance"), constitutes sufficient adequate assurance of future payment to the Utility Companies to satisfy the requirements of section 366 of the Bankruptcy Code. Nonetheless, if any Utility Company believes additional assurance is required, they may request such assurance pursuant to the procedures described below.

To address the right of any utility company under section 366(c)(2) of the Bankruptcy Code to seek adequate assurance satisfactory to it, the Debtors propose that the following procedures (the "Adequate Assurance Procedures") be adopted:

Any Utility Company desiring assurance of future payment for utility service beyond the Proposed Adequate Assurance must serve a request (an "Additional Assurance Request") so that it is received by the Debtors by the Request Deadline at the following addresses: Jones Walker LLP (Attn: C. Ellis Brazeal, III), 1819 5th Ave N., Birmingham, AL 70801- 1916.

Any Additional Assurance Request must (i) be made in writing; (ii) set forth the location(s) for which utility services are provided and the relevant account number(s) and the Debtors; (iii) describe any deposits, prepayments or other security currently held by the requesting Utility Company and (iv) explain why the requesting Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

Upon the Debtors' receipt of an Additional Assurance Request at the addresses set forth above, the Debtors shall have twenty-eight (28) days from the receipt of such Additional

Case 15-02075-TOM11    Doc 6    Filed 05/27/15    Entered 05/27/15 14:46:46    Desc Main
Document        Page 8 of 29

Assurance Request (the "Resolution Period") to negotiate with the requesting Utility Company to resolve its Additional Assurance Request. The Resolution Period may be extended by agreement of the Debtors and the applicable Utility Company.

The Debtors, in its discretion, may resolve any Additional Assurance Request by mutual agreement with the requesting Utility Company and without further order of the Court, and may, in connection with any such resolution, in their discretion, provide the requesting Utility Company with additional adequate assurance of future payment in a form satisfactory to the Utility Company, including, but not limited to, cash deposits, prepayments and/or other forms of security, if the Debtors believe such additional assurance is reasonable.

If the Debtors determine that an Additional Assurance Request is not reasonable, and are not able to resolve such request during the Resolution Period, the Debtors, during or immediately after the Resolution Period, will request a hearing before this Court to determine the adequacy of assurances of payment made to the requesting Utility Company (the "Determination Hearing"), pursuant to section 366(c)(3)(A) of the Bankruptcy Code.

Pending the resolution of the Additional Assurance Request at a Determination Hearing, the Utility Company making such request shall be restrained from discontinuing, altering or refusing service to the Debtors on account of unpaid charges for pre-petition services.

Any Utility Company that does not comply with the Adequate Assurance Procedures is deemed to find the Proposed Adequate Assurance satisfactory to it and is forbidden from discontinuing, altering, or refusing service on account of any unpaid prepetition charges, or requiring additional assurance of payment (other than the Proposed Adequate Assurance).

As an additional form of adequate assurance (and for the purposes of efficiency), the Debtors requests authority to pay undisputed pre-petition amounts that may be due and owing to

Case 15-02075-TOM11    Doc 6    Filed 05/27/15    Entered 05/27/15 14:46:46    Desc Main
Document      Page 9 of 29

Utility Companies. First, the Utility Companies may have an administrative expenses claim under Bankruptcy Code § 503(b)(9). Second, if the Debtors are not authorized to pay such pre-petition amounts, the Utility Companies may apply all or a portion of any Utility Deposit against pre-petition amounts, which in turn may cause the Utility Companies request a post-petition deposit as a form of adequate assurance. Thus, the Debtors and the Utility Companies would end up in the same place as if the Debtors were authorized to pay pre-petition amounts that may be due. Thus, efficiency and economy support the Debtors' request for authority to pay pre-petition amounts as a form of adequate assurance.

The Debtors requests a final hearing on this Motion to be held within twenty-five (25) days of the Petition Date to ensure that, if a Utility Company argues it can unilaterally refuse service to the Debtor on the 31st day after the Petition Date, the Debtors will have the opportunity, to the extent necessary, to request that the Court make such modifications to the Procedures in time to avoid any potential termination of utility service.

## The Utility Companies Will not be Prejudiced by the Relief Requested

To the best of the Debtors' knowledge, there are no material defaults or arrearages with respect to undisputed Utility Service invoices, other than payment interruptions that may be caused by commencement of these chapter 11 cases.

The Debtors' proposed method of furnishing adequate assurance of payment for post-petition Utility Service is not prejudicial to the rights of any Utility Company, and is in the best interest of the Debtors' estates.

Because uninterrupted utility service is vital to the continued operation of the Debtors' businesses and, consequently, to the success of these chapter 11 cases, the relief requested herein is necessary and in the best interests of the Debtors' estates and their creditors.

Such relief ensures that the Debtors' business operations will not be disrupted, as well as providing Utility Companies and the Debtors with an orderly, fair procedure for determining "adequate assurance." Based upon the foregoing, the Debtors submit that the Motion should be granted.

### Cause Exists to Authorize the Debtors' Financial Institutions to Honor Checks and Electronic Fund Transfers

The Debtors have sufficient funds to remit undisputed pre-petition amounts that may be owed to Utility Companies in the ordinary course of business by virtue of expected cash flows from ongoing business operations. Also, under the Debtors' existing cash management system, the Debtors have made arrangements to readily identify checks or wire transfer requests as relating to an authorized payment in respect of the Utility Companies. Accordingly, the Debtors believes that checks or wire transfer requests, other than those relating to authorized payments, will not be honored inadvertently and the Court should authorize all applicable financial institutions, when requested by the Debtors, to receive, process, honor, and pay any and all checks or wire transfer requests in respect of the relief requested herein.

### Reservation of Rights

Nothing contained herein is intended or shall be construed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any party in interest's rights to dispute any claim, or (iii) an approval or assumption of any agreement, contract, program, policy, or lease under Bankruptcy Code § 365. Likewise, if this Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently. Finally, the relief requested herein shall not oblige the Debtors

to accept any services, to accept the shipment of goods, or prevent the Debtors from returning or rejecting goods.

**Notice**

Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the Bankruptcy Administrator for the United States Bankruptcy Court for the Northern District of Alabama; (b) counsel to Regions Bank, Debtors' pre-petition lender; (c) the Debtors' twenty (20) largest unsecured creditors; and (d) the Utility Companies identified on **Exhibit A** hereto. Considering the nature of the relief requested herein, the Debtors submits that no other or further notice is necessary.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the forms attached hereto as **Exhibit B** (interim) and **Exhibit C** (final), granting the relief requested in this Motion, and granting such other and further relief as may be just and proper.

*\s\ C. Ellis Brazeal III*
C. Ellis Brazeal III

**OF COUNSEL:**

**JONES WALKER LLP**
1819 5th Avenue North
Suite 1100
Birmingham, AL 35203
(205) 244-5237 Telephone
(204) 244-5400 Facsimile
ebrazeal@joneswalker.com

Case 15-02075-TOM11    Doc 6    Filed 05/27/15    Entered 05/27/15 14:46:46    Desc Main
Document    Page 12 of 29

Mark A. Mintz (LA Bar No. 31878)[1]
Laura F. Ashley (LA Bar No. 32820)[2]
JONES WALKER LLP
201 St. Charles Ave., Suite 5100
New Orleans, LA 70170
(504) 582-8000 Telephone
(504) 582-8011 Facsimile
mmintz@joneswalker.com
lashley@joneswalker.com
*Proposed Attorneys for Debtors*

---

[1] Motion for pro hac vice admission will be filed shortly.

[2] Motion for pro hac vice admission will be filed shortly.

# Exhibit A

# Utilities Motion

| Companies | | RAC | | | BCC | | CCR | |
|---|---|---|---|---|---|---|---|---|
| | Account Numbe | Monthly Avg | Account Number2 | | Monthly Avg. | Account Number3 | | Monthly Avg |
| Alabama Power | | | 09538-27042, 10233-97043, 10536-57070, 14786-44022 | $ | 868.00 | | | |
| Charter Communications | | | 8781 14 093 0491982 | $ | 868.00 | | | |
| Edenton Office Condo Association (Water and Sewer) | | | 5020002, 5020023, 5020001, 5020013 | $ | 933.25 | | | |
| SouthernLinc | | | | $ | 1,675.00 | | | |
| Verizon | | | 74204001-00001 | $ | 425.00 | | | |
| Lynn Water | | | | | | 516 | $ | 23.00 |
| Baggetts Septic | | | | | | | $ | 804.00 |
| Warrior River Water Authority | 113630004 | $ | 225.00 | | | | | |
| Conference Calling | | | 1282689 | $ | 19.99 | | | |

# Exhibit B

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF ALABAMA – SOUTHERN DIVISION

| | |
|---|---|
| In re:<br><br>BIRMINGHAM COAL & COKE COMPANY, INC.,<br><br>Debtor. | CASE NO. 15-02075<br><br>CHAPTER 11<br><br>JUDGE THOMAS B. BENNETT |
| In re:<br><br>CAHABA CONTRACTING AND RECLAMATION, LLC,<br><br>Debtor. | CASE NO. 15-02077<br><br>CHAPTER 11 |
| In re:<br><br>RAC MINING, LLC,<br><br>Debtor. | CASE NO. 15-02078<br><br>CHAPTER 11 |

**INTERIM ORDER (I) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICES, (II) DEEMING UTILITY COMPANIES ADEQUATELY ASSURED OF FUTURE PERFORMANCE, AND (III) ESTABLISHING PROCEDURES FOR ADJUDICATING PROPOSED FUTURE MODIFICATIONS OF ADEQUATE ASSURANCE OF PAYMENT**

Considering the Motion (Dkt. No. ___) filed by the Debtors in the above-captioned matters for the entry of Interim and Final Orders pursuant to section 366 of the Bankruptcy Code (a) prohibiting the Utility Companies (as defined below) from altering, refusing or discontinuing services to, or discriminating against, the Debtors on account of pre-petition amounts due, pending entry of the Final Order; (b) determining that the Utility Companies have received adequate assurance of payment for future utility services under certain conditions set forth in the

{N3034904.1}

Motion (as defined below) (c) allowing Utility Companies to file future objections to the above-referenced adequate assurance finding, but preventing utility companies from terminating utility services without specific authorization to take such action via order from this Court; (d) granting related relief; and (e) scheduling a final hearing (the "Final Hearing") on the Motion (the "Motion"), the records of these chapter 11 cases, and applicable law:

IT IS HEREBY ORDERED that the Motion is GRANTED on an interim basis as provided herein;

IT IS FURTHER ORDERED that, pending a Final Order on the Motion, the utility companies identified on **Exhibit 1** attached hereto (the "Utility Companies"), are restrained from altering, refusing, or discontinuing Utility Services to the Debtors on the basis of the commencement of the Debtors' chapter 11 cases or on account of any unpaid invoice for Utility Services provided before the Petition Date, and are also restrained from requiring the Debtors to furnish any additional deposit or other security to the Utility Companies for the continued provision of Utility Services;

IT IS FURTHER ORDERED that the Debtors are authorized, but not directed, to use cash collected in the ordinary course of the Debtors' businesses to pay on a timely basis and in accordance with their pre-petition practices all undisputed invoices for post-petition Utility Services provided by the Utility Companies;

IT IS FURTHER ORDERED that the Debtors are authorized, but not directed, to pay pre-petition amounts that may be due and owing to Utility Companies from expected cash flows from ongoing business operations;

IT IS FURTHER ORDERED that, to provide adequate assurance to the Utility Companies of payment for future services, each Utility Company shall retain any Utility Deposit

made pre-petition by the Debtors in connection with such Utility Service, and that each Utility Company is authorized to draw against these deposit accounts as necessary to pay outstanding amounts owed by the Debtors; provided, however, that prior to debiting these deposit accounts, the Utility Companies provide the Debtors written notice of amounts due and a reasonable period of time after the delivery of said notice in which to pay said amounts due to each Utility Company using cash collected in the ordinary course of the Debtors' businesses;

IT IS FURTHER ORDERED that the Debtors may also use cash collected in the ordinary course of the Debtors' businesses to make prepayments for Utility Services as the Debtors deem necessary;

IT IS FURTHER ORDERED that in light of the above, the Utility Companies are deemed to be adequately assured of payment under 11 U.S.C. § 366, pending a Final Order on the Motion;

IT IS FURTHER ORDERED that the Debtors be and are hereby authorized to take any and all action necessary to effectuate and implement this Interim Order;

IT IS FURTHER ORDERED that nothing in this Interim Order or the Motion shall be deemed to constitute post-petition assumption or adoption of any agreement pursuant to Bankruptcy Code § 365;

IT IS FURTHER ORDERED that objections (if any) to the Motion and the Final Order on the Motion must be filed no later than _____ _____, 2015;

IT IS FURTHER ORDERED that a final hearing, if required, on the Motion will be held on May 28, 2015, at 1:30 p.m., C.S.T.;

IT IS FURTHER ORDERED that if no objections are filed to the Motion, the Court may enter the Final Order, which is attached to the Motion as Exhibit C, without further notice or hearing;

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over any and all matters arising from or related to the interpretation and implementation of this Interim Order.

DONE and ORDERED this _____ day of May, 2015.


_____
U.S. Bankruptcy Judge

Case 15-02075-TOM11    Doc 6    Filed 05/27/15    Entered 05/27/15 14:46:46    Desc Main
                        Document      Page 20 of 29

# Exhibit 1

# Utilities Motion

| Companies | RAC | | BCC | | CCR | |
|---|---|---|---|---|---|---|
| | Account Numbe | Monthly Avg | Account Number2 | Monthly Avg. | Account Number3 | Monthly Avg |
| Alabama Power | | | 09538-27042, 10233-97043, 10536-57070, 14786-44022 | $ 868.00 | | |
| Charter Communications | | | 8781 14 093 0491982 | $ 868.00 | | |
| Edenton Office Condo Association (Water and Sewer) | | | 5020002, 5020023, 5020001, 5020013 | $ 933.25 | | |
| SouthernLinc | | | | $ 1,675.00 | | |
| Verizon | | | 74204001-00001 | $ 425.00 | | |
| Lynn Water | | | | | 516 | $ 23.00 |
| Baggetts Septic | | | | | | $ 804.00 |
| Warrior River Water Authority | 113630004 | $ 225.00 | | | | |
| Conference Calling | | | 1282689 | $ 19.99 | | |

# Exhibit C

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF ALABAMA – SOUTHERN DIVISION

| | |
|---|---|
| In re:<br><br>BIRMINGHAM COAL & COKE COMPANY, INC.,<br><br>Debtor. | CASE NO. 15-02075<br><br>CHAPTER 11<br><br>JUDGE THOMAS B. BENNETT |
| In re:<br><br>CAHABA CONTRACTING AND RECLAMATION, LLC,<br><br>Debtor. | CASE NO. 15-02077<br><br>CHAPTER 11 |
| In re:<br><br>RAC MINING, LLC,<br><br>Debtor. | CASE NO. 15-02078<br><br>CHAPTER 11 |

**FINAL ORDER (I) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICES, (II) DEEMING UTILITY COMPANIES ADEQUATELY ASSURED OF FUTURE PERFORMANCE, AND (III) ESTABLISHING PROCEDURES FOR ADJUDICATING PROPOSED FUTURE MODIFICATIONS OF ADEQUATE ASSURANCE OF PAYMENT**

Considering the Motion filed by the Debtors in the above-captioned matters for the entry of a Final Order pursuant to section 366 of the Bankruptcy Code (a) prohibiting the Utility Companies (as defined below) from altering, refusing or discontinuing services to, or discriminating against, the Debtors on account of pre-petition amounts due; (b) determining that the Utility Companies have received adequate assurance of payment for future utility services under certain conditions set forth in the Motion (c) allowing Utility Companies to file future objections to the above-referenced adequate assurance finding, but preventing utility companies

{N3032634.1}

from terminating utility services to the Debtors without specific authorization to take such action via order from this Court; (d) granting related relief; and (e) scheduling a final hearing (the "Final Hearing") on the Motion (the "Motion"), the records of these chapter 11 cases, and applicable law:

IT IS HEREBY ORDERED that the Motion is GRANTED;

IT IS FURTHER ORDERED that the utility companies identified on **Exhibit 1** to this Order (the "Utility Companies") are restrained from altering, refusing, or discontinuing Utility Services to the Debtors on the basis of the commencement of the Debtors' chapter 11 cases or on account of any unpaid invoice for Utility Services provided before the Petition Date, and are also restrained from requiring the Debtors to furnish any additional deposit or other security to the Utility Companies for the continued provision of Utility Services;

IT IS FURTHER ORDERED that each Utility Company shall retain any Utility Deposit made pre-petition by the Debtors in connection with Utility Services and each Utility Company is authorized to transfer said pre-petition deposit into a post-petition deposit account and to hold the same as adequate assurance of payment. Without further Court authorization, each Utility Company is authorized to draw against these newly formed post-petition deposit accounts as necessary to pay outstanding amounts owed by the Debtors; provided, however, that prior to debiting these deposit accounts, the Utility Companies provide the Debtors written notice of amounts due and a reasonable period of time after the delivery of said notice in which to pay said amounts due to each Utility Company using cash collected in the ordinary course of the Debtors' businesses;

IT IS FURTHER ORDERED that the Debtors are authorized, but not directed, to pay pre-petition amounts that may be due and owing to Utility Companies from expected cash flows from ongoing business operations;

IT IS FURTHER ORDERED that the Debtors are authorized, but not directed, to pay on a timely basis and in accordance with their pre-petition practices all undisputed invoices for post-petition Utility Services provided by the Utility Companies to the Debtors using expected cash flows from ongoing business operations;

IT IS FURTHER ORDERED that, to provide further adequate assurance to the Utility Companies for payment for future services, the Debtors may also use cash collected in the ordinary course of the Debtors' businesses to make prepayments to the Utility Companies for Utility Services, as the Debtors deem necessary;

IT IS FURTHER ORDERED that in light of the above, each Utility Company is deemed to be adequately assured of payment under 11 U.S.C. § 366;

IT IS FURTHER ORDERED that the Debtors be and are hereby authorized to take any and all action necessary to effectuate and implement this Final Order on the Motion;

IT IS FURTHER ORDERED that nothing in this Final Order or the Motion shall be deemed to constitute post-petition assumption or adoption of any agreement pursuant to Bankruptcy Code § 365;

IT IS FURTHER ORDERED that after entry of this Final Order, but prior to confirmation of a chapter 11 plan in the above-captioned cases, if a Utility Company should develop the opinion that the above-described provisions no longer provide adequate assurance of payment, such Utility Company may file a Motion to Modify the above-described adequate assurance plan under 11 U.S.C. § 366(c). However, any such Utility Company is forbidden from

Case 15-02075-TOM11    Doc 6    Filed 05/27/15    Entered 05/27/15 14:46:46    Desc Main
Document      Page 26 of 29

terminating utility services to the Debtors until the Court adjudicates the Motion to Modify and specifically authorizes such termination via order.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over any and all matters arising from or related to the interpretation and implementation of this Final Order.

DONE and ORDERED this _____ day of May, 2015.


_____
U.S. Bankruptcy Judge

# Exhibit 1

# Utilities Motion

| Companies | | RAC | | | BCC | | | CCR | |
|---|---|---|---|---|---|---|---|---|---|
| | Account Number | Monthly Avg | | Account Number2 | Monthly Avg. | | Account Number3 | Monthly Avg | |
| Alabama Power | | | | 09538-27042, 10233-97043, 10536-57070, 14786-44022 | $ | 868.00 | | | |
| Charter Communications | | | | 8781 14 093 0491982 | $ | 868.00 | | | |
| Edenton Office Condo Association (Water and Sewer) | | | | 5020002, 5020023, 5020001, 5020013 | $ | 933.25 | | | |
| SouthernLinc | | | | | $ | 1,675.00 | | | |
| Verizon | | | | 74204001-00001 | $ | 425.00 | | | |
| Lynn Water | | | | | | | 516 | $ | 23.00 |
| Baggetts Septic | | | | | | | | $ | 804.00 |
| Warrior River Water Authority | 113630004 | $ | 225.00 | | | | | | |
| Conference Calling | | | | 1282689 | $ | 19.99 | | | |